IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEFINA VILLALVA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 3:24-cv-00150-KC |
| | § | |
| KIN, INC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOSEFINA VILLALVA, (hereinafter referred to as "Plaintiff"), by and through her attorney of record and for her cause of action herein over and against Defendant complains of KIN, INC. d/b/a KOHL'S *previously misnamed* as KOHL'S INC. D/B/A KOHL'S (hereinafter referred to as "Defendant Kohl's") and for a cause of action would respectfully show the Court as follows:

## I.
## PARTIES AND SERVICE

1) Plaintiff, JOSEFINA VILLALVA, is a resident of El Paso County, Texas.

2) Defendant KIN, INC. dba KOHL'S has been served, answered, and is duly before this court.

3) At all relevant times, Defendant KIN, INC. dba KOHL'S has done business at the location of 1319 George Dieter Drive in El Paso under the common name, assumed name and/or business name of KOHL'S.

## II.

**JURISDICTION AND VENUE**

4) The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1332. The amount in controversy exceeds $75,000.00 and complete diversity exists.

5) Venue exists in this district and division as detailed in 28 U.S.C. §1391 as the acts and omissions complained about occurred in El Paso County, Texas and therefore, venue is proper in this Court.

**III.**
**BACKGROUND AND FACTS**

6) The injuries and damages suffered by Plaintiff Josefina Villalva and made the basis of this action, arose out of an incident which occurred on or about May 3, 2022, in El Paso County, Texas, specifically at Defendant KIN, INC. dba KOHL'S Store #0507, located at 1319 George Dieter, El Paso, Texas 79936. This store is owned, run, and operated by Defendant KIN, INC. dba KOHL'S. As such, Plaintiff involves the doctrine of *respondent superior* and/or vicarious liability.

7) On May 3, 2022, Plaintiff was an invitee at the department store in question. Plaintiff was shopping and when making a right turn into an aisle, she slipped and fell due to dangerous condition on the floor. In an attempt to break her fall, Plaintiff held onto the shopping cart, whose wheels rolled, and Plaintiff was unable to stop herself from rolling with it, landing forcefully on the floor.

8) Plaintiff was assisted by a store management who attempted to pick her up, but due to pain in her leg, Plaintiff was unable to get up. Plaintiff was eventually lifted onto a bench by store employees, where she was tended to by Emergency Medical Services. Plaintiff was transported to Del Sol Medical Center for treatment where she underwent surgery to right femur.

9) Plaintiff Josefina Villalva sustained severe injuries to her right femur, right hip,

and right leg, as well as other parts of her body that will be set out in further detail.

10) At such time, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and/or to warn of their existence.

11) The store in question is under the sole control of Defendant. Employees of Defendant are responsible for providing a safe place for customers. Defendant has a duty to keep their premises safe for invitees such as the Plaintiff. Defendant failed in this duty.

12) Defendant is vicariously liable for all acts/or omissions of negligence committed by their store managers, and any and all employees, officers, or agents of Defendant, which were the proximate cause of all damages suffered by Plaintiff.

13) As a result of the occurrence, Plaintiff sustained substantial injuries and damages.

## IV.
## PREMISES LIABLITY CLAIM AGAINST DEFENDANT KIN, INC. dba KOHL'S

14) Plaintiff would show that her injuries and damages were caused by the negligence of Defendant KOHL'S. Plaintiff would show that said Defendant, KOHL'S, owed her a duty of reasonable care, and Defendant's breach of such duty was a proximate cause of Plaintiff's injuries and damages. Defendant was negligent by breaching this duty to the Plaintiff in one or more of the following alternative theories of negligence:

   a) Failure to maintain the property to prevent a danger to invitees such as the Plaintiff;
   b) Failure to properly inspect the property and eliminate the dangerous condition on the premise;
   c) Failure to warn invitees of the potentially dangerous conditions;
   d) Failure to implement safety precautions to prevent injuries to invitees;
   e) Failure to assure that all employees complied with and followed all safety precautions to prevent injuries to invitees;
   f) Failure to correct the dangerous conditions that existed on the premises for the time in question;

*Josefina Villalva v. KIN, Inc. d/b/a Kohl's*            3
**Plaintiffs Amended Petition and Jury Demand**

    g) Ignoring the safety of the customers and invitees and acting with reckless disregard to the rights of the customers and invitees by failing to properly inspect/maintain the property to prevent having obstructions or dangerous conditions on the floor;
    h) Negligent training and supervision by management and Defendant on the proper and safe procedures for handling maintenance issues on the premises, including but not limited to placing signs, warning customers, and/or closing the area so customers and/or invitees cannot walk by;
    i) Failure to put warning signs out for customers and invitees warning them of the dangerous condition;
    j) Other negligence.

15) Each of which acts and/or omissions referenced above was other than what a reasonable and prudent person would have been doing under the same or similar circumstances and was a proximate cause of Plaintiff's injuries and damages.

16) It is foreseeable that failing to properly inspect and/or maintain the premises to discover and resolve the dangerous conditions, could cause harm to customers, and invites including the Plaintiff; nevertheless, Defendant KOHL'S employees ignored the risk and acted with reckless disregard to the safety of the public.

## V.
## VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT KIN, INC. dba KOHL'S

17) Alternatively, and without waiving the foregoing, Plaintiff would show that Defendant KOHL'S is liable for the damages and injuries which were caused by the negligence and other wrongful conduct of its employees, agents, managers, officers, and/or representatives. Defendant KOHL'S is liable for the acts and/or omissions of their employees, agents, managers, officers, and/or representatives. In addition, Defendant KOHL'S owed a duty of care to Plaintiff because of Defendant's right of control, which arose through the course of dealing. Defendant KOHL'S is liable under the *respondeat superior;* master/servant, principal/agent.

18) As a direct result of the occurrence, Plaintiff suffered bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, surgical intervention, nursing services, attention, and other expenses. These expenses incurred were necessary for the

care and treatment of the injuries sustained by the Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services, and attention, and will necessarily incur reasonable expenses in the future for such medical needs.

19) Plaintiff has suffered extreme pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered within the jurisdictional limits of this Court and requests monetary relief of **more than $1,000,000.00.**

## VI.
## DAMAGES

20) As a direct result of the occurrence, Plaintiff suffered bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, surgical intervention, nursing services, attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by the Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services, and attention, and will necessarily incur reasonable expenses in the future for such medical needs.

21) Plaintiff has suffered extreme pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered within the jurisdictional limits of this Court and requests monetary relief of **more than $1,000,000.00.**

## VII.
## RELIEF REQUESTED

22) Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun, and the extent of Plaintiff's future damages is still being determined. At the early stage of the proceedings, Plaintiff requests that the jury be fair and reasonable in its determination of damages.

## VIII.
## JURY DEMAND

23) Plaintiff respectfully requests a trial by jury of the issues of this case.

## IX.
## CONCLUSION AND PRAYER

24) **WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for all relief requested, for costs, pre-judgment, and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled to monetary relief of **more than $1,000,000.00.**

Respectfully submitted,

LAW FIRM OF DANIELA LABINOTI, P.C.
Attorneys for Plaintiff
707 Myrtle Ave.
El Paso, Texas 79901
(915) 581-4600 voice
(915) 581-4605 facsimile
Daniela@labinotilaw.com

/s/Daniela Labinoti_____
**DANIELA LABINOTI**
Texas State Bar No.: 24050900

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May 2024, the foregoing pleading was electronically filed with the Clerk of the Court and served on all attorneys of record using the Federal Electronic Filing Rules.

                                            */s/ Daniela Labinoti*  
                                            **DANIELA LABINOTI**